IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| BRITTANY COODY | **COMPLAINT** |
| Plaintiff, | |
| v. | Case No.: 2:20-cv-2510 |
| HUNTER WARFIELD, INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Brittany Coody, by and through the undersigned counsel, and for her Complaint against Defendant, Hunter Warfield, Inc., under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Olathe, a part of Johnson County, Kansas, 66061.

1

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Olathe, a part of Johnson County, Kansas 66061, making this a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant, a Florida corporation headquartered in Tampa, Florida practices as a debt collector throughout the country, including Kansas.

8. Defendant attempts to collect alleged debts throughout the state of Kansas, including in Olathe city and Johnson county.

9. Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Olathe city and Johnson county and Defendant attempts to collect alleged debts throughout the state of Kansas.

11. As Defendant knowingly attempted to collect on a debt allegedly incurred in Olathe, Kansas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

12. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the

right can sue without running afoul of Article III, even if he incurs no other injury[.]").

14.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

15.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

16.     Plaintiff, Brittany Coody, (hereafter "Plaintiff"), is a natural person currently residing in the State of Kansas.

17.     Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

18.     Defendant, Hunter Warfield, Inc. ("HWI"), is a Florida corporation with its principle offices at 4620 Woodland Corporate Blvd., Tampa, Florida 33614.

19.     Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

20.     Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

3

21. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

22. On a date better known by Defendant, Defendant began to attempt collection activities on Plaintiff's alleged debt.

23. On or about August 4, 2020, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

24. The debt was said to be allegedly owed for a housing bill, and therefore would only have been used for personal or family purposes.

25. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. During the telephone call, Defendant immediately informed Plaintiff that she was in the "pre-legal" department. He continued by saying he would request her complete file to continue with "possible legal action."

28. Plaintiff then disputed the debt and requested validation.

29. Defendant's representative immediately asked Plaintiff for a reason for her dispute.

30. Plaintiff is entitled to dispute the alleged debt for any reason, or even no reason at all. Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999).

31. Defendant should have accepted the dispute at that point and ended the call.

4

32. However, Defendant's representative then said that a dispute won't stop potential legal action.

33. Defendant's representative again stated that it was in "pre-legal" and that in the time it took to dispute, it may already be with an attorney.

34. Defendant then began to ask Plaintiff questions regarding her work and employment.

35. When Plaintiff declined to provide this unnecessary personal information, Defendant told Plaintiff that her only option was to pay the balance in full or there would be "possible legal action."

36. Defendant then told Plaintiff that she should pay today.

37. Defendant told Plaintiff that the credit bureau would require her employment information. This is completely untrue.

38. Defendant then told her the account would be resolved "voluntarily or involuntarily."

39. Defendant continued to threaten Plaintiff and told her to there was no time to waste, and that the account was in the pre-legal department, so it must be addressed immediately.

40. Defendant again insisted on receiving information from Plaintiff that she did not feel comfortable giving.

41. Defendant told Plaintiff she only had the day or the account would be resolved "involuntarily."

42. Defendant made countless statements threatening legal action that, upon information and belief, it did not intend to take. Rather, this was used as a tactic to coerce Plaintiff into making a payment she otherwise would not have made.

43. Defendant did not file a suit the day after this communication, despite its representative's claim.

44. Upon information and belief, Defendant did not file a suit in the next 30 days, despite its representative's claims.

45. Upon information and belief, Defendant did not file a suit in the next 60 days, despite its representative's claims.

46. Upon information and belief, Defendant still has not filed suit regarding this matter, despite its representative's claims.

47. Defendant knew, or should have known, that the above statements were false, misleading, and harassing in nature.

48. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

49. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

50. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

51. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

52. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendant.

53. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

54. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any

6

potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

## COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt

55. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

56. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

57. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

58. Defendant's collection efforts only serve to confuse and mislead the consumer.

59. Defendant's collection efforts were materially false, misleading, and deceptive.

60. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Britney Coody, prays that this Court:

    A.    Declare that HWI's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Britney Coody and against HWI, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

### COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

61. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

62. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

63. HWI's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

64. HWI's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Brittany Coody, prays that this Court:

   A. Declare that HWI's debt collection actions violate the FDCPA;

   B. Enter judgment in favor of Plaintiff Brittany Coody, and against HWI, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

   C. Grant other such further relief as deemed just and proper.

### COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices

65. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

66. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

67. HWI's communications with Plaintiff were deceptive and misleading.

68. HWI used unfair and unconscionable means to attempt to collect the alleged debt.

69.     HWI's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Britney Coody prays that this Court:

   A.   Declare that HWI's debt collection actions violate the FDCPA;

   B.   Enter judgment in favor of Plaintiff Britney Coody and against HWI, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

   C.   Grant other such further relief as deemed just and proper.

## DESIGNATION OF TRIAL

70.     Plaintiff requests that the Kansas City venue be designated as the trial location for this matter.

## JURY DEMAND

71.     Plaintiff demands a trial by jury on all Counts so triable.

Dated: October 13, 2020

                              Respectfully Submitted,
                              **HALVORSEN KLOTE**

                         By:   /s/ Gregory M. Klote
                              Gregory M. Klote, #66888
                              680 Craig Road, Suite 104
                              St. Louis, MO  63141
                              P: (314) 451-1314
                              F: (314) 787-4323
                              greg@hklawstl.com
                              *Attorney for Plaintiff*